In the matter of the Division of the Real Estate of Jacob S. Thomson, deceased.

To justify the court in setting aside a partition of real estate on the ground of a mistake in judgment on the part of the commissioners, the mistake must be a serious one, and the evidence of it too plain to be mistaken.

If the evidence be doubtful or contradictory, the report will be sustained.

Commissioners appointed by the court to make partition of the real estate whereof Jacob S. Thomson died seized, having made the partition, made report thereof, pursuant to the act. One of the parties interested, being dissatisfied with the share allotted to him, obtained a rule to show cause why the report of the commissioners, and the partition by them made, should not be set aside. The matter came on for hearing upon the rule to show cause.

*Wall*, in support of the rule.

*Wilson* and *Southard*, contra.

The Ordinary. In April, eighteen hundred and thirty-two, an order of this court was made, appointing commissioners to divide the real estate of Jacob S. Thomson, deceased, late of the county of Warren.

[In the matter of the Division of the Real Estate of Jacob S. Thomson.]

On the eighth day of April, eighteen hundred and thirty-three, the report of the commissioners was filed in the office of the register, and on the same day an order of final confirmation was made and signed by the ordinary.

On the thirteenth of April, eighteen hundred and thirty-three, a rule was granted to show cause why the decree and the report of the commissioners should not be set aside.

This rule was discharged in October term, eighteen hundred and thirty-three, in consequence of which the division stood confirmed.

The order of October term, eighteen hundred and thirty-three, was afterwards set aside as irregular, it having been made without notice and exparte; and the question comes up at this term, on the rule to show cause why the report of the commissioners should not be set aside. The decree of confirmation, made the same day on which the report was filed in the office, being clearly irregular, there is nothing to consider but the report itself.

The single objection to the report is the inequality of the division. To justify this court to interfere in a case of this description, and set aside a division on the ground of a mistake in judgment on the part of the commissioners, the mistake must be a serious one, and the evidence of it too plain to be mistaken. If the evidence be doubtful or contradictory, the report will be sustained, for if it were otherwise, a large majority of the divisions would be set aside, where the estate is of any magnitude, and consists of various species of property. Upon no subject do men differ more in opinion than in the value of real estate. The present case furnishes a most remarkable instance of it, and seems to show in what difficulty the court would be involved by lending an easy ear to applications of this nature.

Jacob S. Thomson esquire, died seized of a large real estate in the counties of Warren, Sussex and Hunterdon, consisting of farms, mills, wood land, mountain land, and town lots. To make a judicious division of this property, in five equal shares, required a knowledge of all kinds of real property, united with sober judg-

ment and sound discretion. The commissioners selected by the parties were men possessing those qualifications in as great a degree as any others who could be selected. All of them were extensive land owners, two of them were owners of mills, and all were well qualified to judge of the value of property of that description. They viewed the whole estate, weighed the advantages and disadvantages, and estimated the value of the whole and of every part, and having completed the division, made the assignment without reference to the wishes or partialities of either of the parties in interest.

One heir out of the five complains that the division is unequal. There has been much testimony taken on both sides, the greater part of it has been directed to one point, that is, to show that the share of the exceptant is worth less than the share assigned to the heirs of Robert C. Thomson, or to Jacob T. Sharp. According to the testimony of the exceptant's witnesses, the difference is somewhere about two thousand dollars. On the other hand a greater number of witnesses prove that there is no such inequality, or if there is any, that it is very trifling. One other prefers the exceptant's share to that of the heirs of Robert C. Thomson; and another prefers it to that of any of the heirs.

The principal difficulty appears to consist in the different opinions entertained by the witnesses as to the value of a farm of three hundred and thirty-two acres assigned to the exceptant. On one side, it is valued by one witness at thirteen dollars and sixty-three cents; by a second at twelve to fourteen dollars; by a third at fourteen dollars; by a fourth and fifth at fifteen dollars; by a sixth at fifteen to sixteen dollars; by a seventh at sixteen to seventeen dollars, by the acre. On the other side, some witnesses value it at twenty dollars by the acre; and another one at twenty-one or twenty-two dollars. The difference between these valuations is greater than the supposed difference between the share assigned to the exceptant and that of any of the other heirs. One set of witnesses agrees in the main, with the commissioners—the other differs. How shall the court decide? The evidence cannot be reconciled. And what renders the matter

[In the matter of the Division of the Real Estate of Jacob S. Thomson.]

still more embarrassing is, that each party has undertaken to prove that the witnesses on the other side are not competent judges. Under these circumstances, the court is not called on to adjudicate between them, or to say who is most worthy of credit. The report of the commissioners must stand, unless it can be satisfactorily shown to the court to be wrong. The commissioners have acted under the sanction of an oath; they had as good opportunity of judging of the property as any of the witnesses, and better than some of them. And when all admit, as is done here, that they are honest and intelligent and faithful men, in whom all confidence is to be placed, their award is not to be disturbed on doubtful testimony.

On this rule to show cause, two of the commissioners, David Ryerson and Nathan A. Shafer, have been examined; and after attending to the various opinions of others on the subject, they are sensible of no error, but are entirely satisfied with the report. They, and especially Mr. Ryerson, have given their reasons at large, for dividing the property as they have done; and with those reasons I am not dissatisfied.

I do not find it necessary to scan the testimony with as much nicety, as a judge would do on a rule to show cause why a verdict should not be set aside. This cause rests on a different principle. On rules to show cause the court is to say whether the jury did right from the evidence before them. Here the commissioners did not form their opinion on this testimony. They viewed the property. They formed their judgment from their own view and knowledge. The law trusts to their judgment and discretion, and their proceedings must stand, unless found clearly to be erroneous.

Such being the opinion of the court, it is unnecessary to advert to the other points raised by the counsel against the rule.

Let the rule to show cause be discharged, and the report stand confirmed.